## J. C. ARNOLD *v.* THOS. WILLIAMS.

**Bills and Notes—Pleading—Notice of Protest.**

> An allegation in a petition on a protested bill, that "said parties to the same were duly advised of said acceptance being protested." **Held,** insufficient to state a cause of action under Civil Code, Sec. 118,—it being a conclusion of the pleader that the law had been complied with.

APPEAL FROM KENTON CIRCUIT COURT.

May 13, 1871.

OPINION OF THE COURT BY JUDGE HARDIN:

The principal question in this case and the only one we need to decide, is as to the sufficiency of the petition, which was involved by the action of the circuit court in sustaining the demurrer to the answer of the appellant.

Due notice of the protest of the bill, which was the foundation of the action, was necessary to bind the appellant as endorsers.

The only allegation in the petition of this is that "said parties to the same were duly advised of said acceptance being protested."

Was that a sufficient averment of the essential fact that the notice required by law was given in proper time and in the manner necessary to bind the endorser of the bill? According to the rule that the plaintiff must state "facts constituting" his cause of action? (Civil Code, section 118.) We are of the opinion that the allegation stated does not with sufficient certainty impart a statement of facts from which the court could determine that notice of protest was given as the aw required. The petition does not allege when, how, or by whom, the appellant was *"advised"* of the protest; and the statement, in effect, that he was duly advised of the fact, is but the pleader's conclusion that the law was complied with, without the disclosure of facts from which the court could judge whether it was or not.

The demurrer should therefore have been applied and sustained to the petition.

Wherefore, the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Carlisle, Foote,* for appellant.

*Rankin,* for appellee.